**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number 18-cv-24472- JEM

ALEXANDER JOHNSON,

    Plaintiff,

vs.

27TH AVENUE CARAF, INC.
d/b/a Caraf Oil,

    Defendant.

---

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT 27TH AVENUE CARAF, INC.**

---

Plaintiff Alexander Johnson, by and through his undersigned counsel, and pursuant to this Court's Order [DE #9] and as extended via Order [DE #12] and the Federal Rules of Civil Procedure Rule 55(b)(2), hereby files this Motion for Entry of Final Default Judgment against Defendant 27th Avenue Caraf, Inc. ("Defendant"), and in support thereof as follows:

1. On November 1, 2019 Plaintiff filed a Complaint for injunctive and declaratory relief against the Defendant [DE #1].

2. The Plaintiff served Defendant with a Summons and copy of the Complaint on October 31, 2018 and the Return of Service was filed with the Clerk on January 30, 2019 [DE #6]. Over twenty-one days has past and Defendant has failed to file a response.

1

3. Plaintiff filed a Motion for Clerks Default on March 20, 2019 [DE #7] and a Clerks Default was granted on March 21, 2019 [DE #12].

4. The Court Ordered Plaintiff to file Final Default Judgment in accordance with the FRCP Rule 55(b)(2) by April 10, 2019 [DE #9], and Plaintiff filed a Motion for brief extension of time [DE #10] which the Court granted and reset the date to file Final Default Judgment no later than April 17, 2019 (see [DE #11]) .

5. No proceedings have been taken by the Defendant since the Default was entered.

6. Defendant was not in military service and is not an infant or incompetent as appears in the declaration of the undersigned counsel submitted herewith, see Affidavit at Exhibit A hereto.

7. The Plaintiff has alleged (and Defendant has not disputed) that the Plaintiff is an individual with a qualified disability under the ADA and suffers from a hearing impairment such that he requires closed captioning to comprehend audio visual programing in television media features such as offered at Defendant's gasoline station by virtue of the television media features embedded within Defendant's gasoline pumps.

8. The Plaintiff has alleged (and Defendant has not disputed) that the Defendant is a public accommodation and that Defendant owns and/or operates the Caraf Oil gas station located at 8700 NW 27th Avenue, Miami, Florida 33147, which is a gas station and convenience store as defined in 42, U.S.C. §§12181(7)(F) and (E).

9. The Plaintiff has alleged (and Defendant has not disputed) that Defendant has failed to provide individuals with hearing disabilities closed captions on the audio

visual content (programing) provided on the television media features embedded within its gasoline pumps as required by the Title III of the ADA.

10. The Defendant has not made the audio visual content (programing) provided on the television media features embedded within the housing which contains the gasoline pumps accessible to individuals who are hearing impaired. Defendant has failed to provide closed captioning with that programing, when closed captioning is commercially available. Defendant's failure has resulted in disabled individuals who are hearing impaired being unable to comprehend the audio visual content in the same manner as offered to the general public.

11. Further, the Defendant has not disputed that it has failed to bring its gas station television media features embedded within its gasoline pumps in compliance with Title III of the Americans with Disabilities Act of 1990 (the "ADA") 42 U.S.C. §§ 12181-12189.

12. The Plaintiff has alleged (and Defendant has not disputed) that Plaintiff's rights under the ADA, Title III, 42 U.S.C. §§ 12181-12189 have been violated, and that the Plaintiff has been injured as a result.

13. For these reasons, Plaintiff is seeking to enjoin Defendant from violating the provisions of Title III of the ADA, which requested injunction has not been disputed by Defendant.

14. In accordance with the undersigned counsel's affidavit attached as Exhibit B hereto, the Plaintiff is seeking $ 7,900.00 for legal fees and $425.15 for costs, for a total of $8,325.10 for costs and attorney fees in bringing this action (to date without

consideration for hearing on damages to the Plaintiff), see an Affidavit in Support and Accounting at Exhibit A hereto.

15. Federal Rules of Civil Procedure Rule 55(b)(1), states that the Court may enter a Default when a party whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against this action.

16. Federal Rules of Civil Procedure Rule 55(b)(2), states that the Court may enter a Default Judgment on Motion, by the presentation of an accounting, the establishment of the truth of the allegations.

17. Furthermore, this court issued its Order that Motion for Default Judgment be filed in this matter [DE #9].

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and the Florida Civil Rights Act. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Venue is proper in this Court pursuant 28 U.S.C. §1331.

Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida. The remedies provided by Florida Civil Rights Act Statute §760 are not exclusive, and state

4

administrative remedies need not be exhausted in connection with suits brought under the ADA.

### II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT/DEFAULT JUDGMENT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P Rule 55(a).

The Defendant was properly served and despite having been served with process, Defendant ignored these proceedings and failed to plead or otherwise defend this action, see Affidavit of Non-Military Service at Exhibit B hereto. Upon information and belief, Defendant 27th Avenue Caraf, Inc. is not an active-duty member of the U.S. armed forces. (*Id.*). Accordingly, the Plaintiff asks for entry of default against Defendant 27th Avenue Caraf, Inc.

Once a default is entered against a party, all allegations but those regarding damages in the complaint are taken as true. *Geddes v United Financial Group*, 599 F2d 557, 560 (9th Cir 1977) The Plaintiff has pled his claim for ADA violations and he is therefore entitled to the entry of a Default Judgment in his favor.

**1.    Plaintiff has proven ADA violations**

To prevail on a claim of ADA violations, a plaintiff must establish that he is a member of the protected class of persons with disabilities. The Plaintiff has proven that his is defined in 28 C.F.R. §760.01 and 760.02 (¶9 of the Complaint [DE #1]).

To prevail on a Title III claim of ADA violations, a plaintiff must establish that the Defendant is a place of public accommodation. The Plaintiff has proven that

Defendant 27th Avenue Caraf, Inc. owns and/or operates a gas station and convenience store called Caraf Oil, which is a place of public accommodation pursuant to 42 U.S.C. §§12181(7)(F) and (E) because it is a convenience store and gas station which is open to the public. (¶¶12, 13 of the Complaint [DE #1]). In addition, Plaintiff has proven that Defendant's Caraf Oil gas station and convenience store is subject to the FRCA and has violated F.S. §760 (¶39 of the Complaint [DE #1]).

The Plaintiff also proven (and Defendant has not refuted) that he suffered injury (¶¶ 21, 25 of the Complaint DE #1).

### 2. Defendant 27th Avenue Caraf, Inc.'s Conduct Was Willful

The Plaintiff also proven that Defendant 27th Avenue Caraf, Inc.'s conduct was willful. As the operator of the Caraf gas station and convenience store and having installed the television media feature featuring audio visual programing without closed caption capability to accommodate the hearing impaired community, Defendant knew or should have known of the requirements for accommodating hearing impaired individuals by failing to provide closed captioning with the audio-visual content displayed on its television media features embedded within its gas pumps pursuant to 42 U.S.C. §12182(b)(2)(A)(ii), where such provision is readily achievable (¶¶ 20, 22, 32, 33 of the Complaint [DE #1]).

### III. PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF

Pursuant to Rule 55(b)(2), Plaintiff requests injunctive relief as specified below. When a claim is not for a sum certain the party entitled to a judgment by default must apply to the court for a default judgment. "The court may conduct hearings or make

referrals … when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages …" F.R.C.P. Rule 55(b)(2).

The Court is vested with the authority to grant the Plaintiff's injunctive relief Pursuant to 42 U.S.C. §12188. Therefore, the Plaintiff is entitled to injunctive relief, including an order to alter the place of public accommodation to make it readily accessible to (and useable by individuals with disabilities) to the extent required by the ADA, which in this instance is to provide closed captioning within its audio visual content programing provided through its television media features embedded within its gasoline pumps.

Injunctive relief includes the court's order to close the gas station or turn off the media features until the requisite modifications are completed.

### IV. PLAINTIFF IS ENTITLED TO ATTORNEYS FEES AND COSTS

Plaintiff seeks attorneys fees and costs in the sum of $ 7,900.00 for legal fees and $425.15 for costs of filing the action, for a total of $8,325.15 plus interest from the date of judgment (See Affidavit of Attorney as Exhibit A which includes resume of Attorney's experience and detail of costs and fees), which award which is within the Court's discretion pursuant to 42 U.S.C. §12205 "the court or agency, in its discretion, may allow the prevailing party … a reasonable attorney's fee, including litigation expenses, and costs …".

The Plaintiff has proven his case, has shown that his claims are proper and well-motivated, and has shown why he ought to be compensated for his expenses while Defendant 27th Avenue Caraf, Inc. ought to be deterred from similar ADA violations in the future by correcting those barriers to access which exist with Defendant 27th Avenue

Caraf, Inc.'s place of public accommodation (Caraf gas station and convenience store). This Court should find that the Plaintiff is entitled to reasonable attorney's fees and costs.

Plaintiff is entitled to an award for damages in nominal sum of $5,000.00 USD pursuant to the F.S.§760, or for an amount determined by this Court.

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that this Court enter a default judgment against Defendant 27th Avenue Caraf, Inc., and award Plaintiff injunctive relief by enjoining 27th Avenue Caraf, Inc. permanently from violating the provisions of the ADA, requiring the modifications to Defendant 27th Avenue Caraf, Inc.'s place of public accommodation (Caraf Flagler gas station and convenience store) as delineated hereinabove, award damages in an amount to be determined to the Plaintiff (as provided the Florida Civil Rights Act) in a separate hearing (or as a part of the instant Order of Final Judgment as determined by the Court), and rule that the Plaintiff is entitled to an award of attorneys fees and costs in the sum of $7,900.00 for legal fees and $425.15 for costs of filing the action, for a total of $8,325.15 and an award for damages to Plaintiff pursuant to F.S. §760 in the nominal amount of $5,000.00 USD plus interest from the date of judgment and for all other and further relief as the court may deem proper and just.

Dated this 17th day of April, 2019.

Respectfully submitted,

*s/ Scott R. Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333

8

Fax: (786) 513-7700
E-mail: inbox@dininlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF, and further certify that I will cause the same to be sent via U.S. express mail with tracking to the Defendant as follows:

27TH AVENUE CARAF, INC.
c/o: Isis M Sieira, as registered agent
8700 NW 27th Avenue
Miami, Florida 33147

And copy to:
CARAF GAS STATION
Attention: MANAGER or ASSISTANT MANAGER
8700 NW 27th Avenue
Miami, Florida 33147
*Defendant*

*s/ Scott Dinin*